A06A1403. BERRY v. THE STATE.
(636 SE2d 150)

ADAMS, Judge.

Davon Berry was tried and convicted on one count of sexual exploitation of a child. He contends the evidence was insufficient to show that he knew the victim was under 18 years of age.

---

Construed in favor of the verdict the evidence shows that on or about May 30, 2003, Berry, then age twenty-two, appeared in two separate pictures with a fifteen-year-old girl who was nude from the waist down, exposing her pubic area. The victim's mother testified that she could tell from the picture that it was taken in her family's living room. Berry admits that he was in the pictures, which were introduced into evidence. But he contends that he did not know she was a minor and that there was no evidence to show that he did. We agree.

The crime is defined as follows:

> It is unlawful for any person knowingly to employ, use, persuade, induce, entice, or coerce any minor to engage in or assist any other person to engage in any sexually explicit conduct for the purpose of producing any visual medium depicting such conduct.

OCGA § 16-12-100 (b) (1). Knowing that the child is a minor, i.e., under age 18, is an element of the crime. *Phagan v. State*, 268 Ga. 272, 277-278 (3) (c) (486 SE2d 876) (1997). See also OCGA § 16-12-100 (a) (1).

The victim was not at the trial. Berry testified that he had taken a ride with a friend named C. J. to what he understood to be C. J.'s girlfriend's house. Upon arriving, he met the victim, C. J.'s purported girlfriend, for the first time, and she told him that it was her house. Berry testified that at one point he asked the victim how old she was and she told him that she was 22 years old; he also testified that she acted about that age. Berry admitted the pictures were taken that afternoon. Berry testified that he only discovered her true age when he was arrested. Although the victim's mother testified that Berry had other contact with her daughter, she only testified to contact after the picture-taking event.

The pictures themselves do not show beyond a reasonable doubt that the victim was under age. See generally *Abernathy v. State*, 278 Ga. App. 574, 578 (630 SE2d 421) (2006) (expert testimony may be required to establish that the subjects of the photographs are minors). One picture does not show the victim's face. The other picture depicts what could be an adult female whose face is somewhat obscured by a hat and by the poor quality of the photograph. The victim was not in court for the jury to see. There was no evidence of any prior contact between Berry and the victim that could have alerted him to her age. And a review of the transcript reveals no other evidence that Berry knew or should have known the victim's age. Therefore the conviction must be overturned. Compare *Phagan*, 268 Ga. at 278 (3) (c) (evidence of "girlish handwriting and phraseology,"

the victim's appearance in the video, and the victim's appearance at trial were evidence from which the jury could conclude the victim was a minor).

*Judgment reversed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 1, 2006.

*Joseph J. Saia*, for appellant.

*Scott L. Ballard, District Attorney, Josh W. Thacker, Assistant District Attorney*, for appellee.